May it please the court, good morning. My name is Andrea DeGilio-Miller and I, along with my co-counsel Josh Welch, represent John Fletcher. Mr. Fletcher was tried by a jury and convicted of 39 counts of various drug and gun crimes. 26 of those offenses involved cocaine-based charges covered under the Fair Sentencing Act. 3 of those counts involved cocaine-based offenses that are non-covered offenses. 7 involved cocaine powder charges that are non-covered. One of those powder cocaine charges, count 9, resulted in a life sentence and that count is central to the lower court's disposition of Mr. Fletcher's First Step Act Compassionate Release motion. On October 19, 2011, after the Fair Sentencing Act went into effect, Mr. Fletcher was sentenced to 26 life sentences, 9 360-month sentences, 1 240-month sentence, and 2 120-month sentences, with all sentences running concurrently. He was sentenced to the maximum pre-Fair Sentencing Act sentences and many of those counts reflect the very disparity that Congress was intending to address when it passed the Fair Sentencing Act and subsequently the First Step Act. On its face, this case is extraordinary, both in the severity of the sentence and because even though the Fair Sentencing Act should have applied at the time of his sentencing, he did not get the benefit of the reduced statutory minimum sentences that should have been applied to his case. Well, didn't the district court conclude that even under the Fair Sentencing Act ranges, his sentence would still be life? The court concluded, I believe, Your Honor, that even under the Fair Sentencing Act standards, the maximum would be life. However, because the statutory minimums have changed and lowered the range, we believe that in the perspective of what has occurred since the Fair Sentencing Act and the First Step Act, it is possible that he would not have been maxed out on every single count and therefore it would have made a difference to the overall sentencing. But didn't the district court also find the guidelines were still life? Your Honor, I believe that is correct, Your Honor. Both the statute and the guidelines were telling the district court, whether it was sentenced before or after the Fair Sentencing Act, that life should have been the sentence. Or that life was the maximum sentence. Of course, even at that time, the court could have sentenced him to something lower than that. In Terry v. United States, Justice Sotomayor observed that despite Congress's clear intention to remedy the unjust sentencing disparities, some people have been left behind. And we submit to this court that John Fletcher is one of the people that has been left behind. In some ways, we're taking these in the wrong order, because if he loses on his compassionate release argument, this argument is moot, right? It's not a lack of jurisdiction. It's not a lack of standing. It's moot. Your Honor, I do not believe that it is moot, even if he loses on the compassionate relief. Well, how can that be? If he loses on the compassionate release, he's serving a life prison term for counts that would not be affected by your Fair Sentencing Act argument. And so, even if we gave you relief under the Fair Sentencing, it would have no impact on the length of his sentence. Your Honor, it's true that it would have no direct impact on the length of his sentence because of count nine. There's no question about that. But I don't believe, if you go back and you look at Congress's purpose in passing both the Fair Sentencing Act and the First Step Act, the intention was to make it to ensure that somebody who was getting relief under those provisions got out of prison. The purpose was to redress the disparity in sentencing between crimes that involved cocaine-based and crimes that involved powdered cocaine. Because of that, the court can still redress, through the First Step Act motion, all the other counts that are impacted, that could be impacted by the change in the law, even if that one count doesn't change. And I say that because there's also the possibility that at some point that count, sentencing in that, there'd be a challenge to the life sentence on that count. But I think if you go back to the purpose of the provisions themselves, they are simply to redress the disparity. The court can redress the disparity between powdered cocaine and crack cocaine sentencing, even if it doesn't mean the overall sentence is reduced. But Judge McHugh's question, I think, was saying that the court has discretion under the Compassionate Release motion on count nine, the powdered cocaine. But if you lose that, at that point, it becomes moot, because aren't we bound to apply our decision in Manny that essentially reaches that result? Your Honor, and I'd submit that the decision in Manny and its application in this case were both erroneous. So if I can address the issue of standing for a moment as it relates to losing the count nine and therefore losing the entire application. The discussion of standing in Manny, and by the way, it was in the Maytubby case that the standing discussion occurs, which happens to be the same judge as the judge who denied Mr. Fletcher's Compassionate Release request. And it seems a little formulaic if you really look at and compare the two cases. But the discussion in Manny and the court's analysis on standing is kind of questionable providence to begin with. Because the case that the court relied on to make its standing determination in that case was United States v. Myers, which the court confined to 200 F3rd 715. If you do a word search in Myers, the word standing does not actually appear anywhere in that case. It is a jurisdiction case. And the three requirements that the Manny opinion cites as establishing standing are actually prongs of jurisdiction and not standing. Well, standing is a jurisdictional doctrine, and is it not? Your Honor, standing is a component of jurisdiction, but there's no question here that the court had jurisdiction over Mr. Fletcher's First Step Act request as well as his Compassionate Release. The question for standing is simply whether he falls under the class of persons who can entitle themselves at that jurisdiction. Well, one of the reasons that – I'm sorry to interrupt, but one of the reasons that Judge McHugh phrased it in terms of mootness is it really is irrelevant whether you call this ultimately. I mean standing is probably a misnomer. The bottom line is – the bottom line inquiry is was there subject matter jurisdiction? Was there an Article 3 injury? And don't we have a case that said for purposes of the First Step Act, the injury is the length of your sentence. I mean the injury is – is there some basis for your sentence to be reduced? Is that not right? Your Honor, I mean the injury is the disparity that the First Step Act and the Fair Sentencing Act addressed, not the injury required. Nothing in either of those provisions suggests that the only way you can get relief on the counts that are covered by those acts is if it covers every single count of your overall sentence. The statutes certainly don't say that. I'm sorry. Did I hear you say, though – I mean I hear your argument, and this may have been a good argument to make to the court who is deciding Manny. But are you saying we have to overrule Manny for you to get the relief that you're requesting? Your Honor, I'm always hesitant to suggest the court should overrule any precedent, but I do think that there is a question as to Manny – whether Manny was correctly decided based on the authority it itself cites. And so I would suggest that maybe a clarification of how – what Manny really stands for would be appropriate in this case. Because the standing issue, I believe, is, as the Chief Judge pointed out, kind of a misnomer. Because we're not really talking about standing here. The second problem – Well, we are. I mean, in Manning, they were talking about standing because the only claim that was brought was under the First Step Act, but there were other charges not covered by the First Step Act. So there was no relief that could be granted that would give him relief. So it was an Article III issue. So in this case, he brought the claims together. So at the moment he filed his case, it was possible, if he won on both the covered and non-covered offenses, that relief could be granted. So there was standing. But if we rule against him on compassionate release, then it becomes moot on his other claim under the First Step Act because we can't give him relief by reducing his sentence because he's got a life sentence under Count 9. Does that make sense to you? Yes, Your Honor, and I appreciate the question because that was going to be my next point. By the fact that he asked for compassionate relief on the non-covered offense, it takes it out of the situation in Manning. Your Honor, it takes it out of it for purposes of exercising jurisdiction at the beginning of the case based on whether he has standing. But you have to have the ability, you have to have Article III jurisdiction, we have to have jurisdiction over the case for the entire pendency of the case. And if it reaches a point where relief cannot be granted on his First Step Act, I would call that it was rendered moot. And we can't, there's nothing to give him. First of all, you mentioned that the government has not asserted mootness. Something's going on with the mic. We can't hear you. Is that better? Yes. Okay, sorry. I'm not sure what I did. I don't know what I touched. Your Honor, the government hasn't asserted mootness, but I take Your Honor's point. But again, standing is typically judged at the beginning of the case. And once somebody has standing, the court has Article III jurisdiction to decide the issues. Until they lose it. Until they lose it. And mootness, you lose it. And so, Anne, it is a subject matter jurisdiction question. So irrespective of whether the government raised it or not, we have to look at our subject matter jurisdiction. I take it you agree with that, right? Yes, Your Honor. Okay, well, then the question is, quite apart from what the government did, is it moot? And let me just follow up for a second. I think I understand, and let me see if I do, that your point was the purposes of the First Step Act were to essentially address this disparity issue and to give relief to the defendants. And so in this situation, if we were to rule on the First Step Act, Mr. Fletcher in some sense, in some at least symbolic sense, would get relief, right? Because his statutory sentences would be reduced. I get that, but I do understand that, right? That was your position. Yes, Your Honor. Okay, well, that's – I get that. But the point is, don't – our cases, I think, stand for the proposition, and this is where you can help me if I'm wrong, that the only injury that really matters for Article 3 purposes is a reduction in your – that you'll get out, that you'll actually get out. So even if we give Mr. Fletcher, even if the court were to give Mr. Fletcher the benefit of the reduction of his statutory sentences, because you have a non-covered count nine, he'll never get out. Your Honor, I don't – I understand what the court is saying, and I agree that certainly that is the perspective that the Manning court took in deciding Manning. But going back to the purpose of the Fair Sentencing Act and the First Step Act, nowhere in those acts do you see any language that Congress intended for people to only get relief under those acts if it reduced their overall sentences or necessarily even meant they would get out. They simply intended to redress the disparity in sentencing and make the ability to redress it retroactive as well as putting it in the hands of the defendant to ask the court for such relief. So while there is certainly – and Manning followed that path, saying that unless you can – unless it reduces the overall sentence, there's no standing or there's no jurisdiction or it becomes moot if you don't, then – but I don't think that that is actually grounded in the statutory language. And there are other benefits to reducing the other sentences even if count nine remains out there. But I think it also gets – and if I could wrap up quickly just to finish answering Your Honor's question, because I see I'm out of time. Please do. But I think this also gets to the problem with the overall analysis the lower court conducted. Because basically if he can just find a way to deny the compassionate release, he never has to even bother consider the impact of the changes in the sentencing range or make any determination under the Fair Step Act at all. Which also seems like it's contrary to Congress's intention in passing these acts to begin with. Did my colleagues have any other questions? No. All right. Thank you, counsel. We'll hear from the government. May it please the court, Stephen Craig on behalf of the United States. The district court did not abuse its discretion when it denied Mr. Fletcher's request for relief under 18 U.S.C. section 3582 C1A1. As a result, it did not err when it dismissed the section 404 of the First Step Act or 3582 C1B request for a sentence reduction on jurisdictional grounds. I will, in light of the court's questions, I think I do need to admit I agree with Judge Holmes and Judge McHugh. Standing probably is not the right label to put on this. In reading the reply brief and doing additional research, this court has referred to mootness as standing over time. To use what Judge Holmes or Chief Judge Holmes said, you can essentially lose standing. That's what the doctrine of mootness is. And ultimately, it is a jurisdictional question, because one of the things you have to have for a court to have Article III jurisdiction is a live case or controversy, something that the court can remedy. And at the end of the day, what MANI stands for is that in a 3582 C1B proceeding, a sentence reduction proceeding, that if the actual sentence, the actual amount of time served cannot be reduced, there is no judicial relief that can be granted. So, yes, in MANI it was standing because from the outset there was no judicial relief that could be granted. Here, there could have been relief that could have been granted up until the point the district court denied the 3582 C1A1 compassionate release motion. But when the district court ultimately decided the 3582 C1B Section 404 reduction, it had already denied relief as to Count 9 and as to every count under compassionate release. Thus, there was no. I was just going to shift gears if I could. I didn't want to interrupt your thought if you're in shifting gears. What I'd like to talk about for a quick second is 1B1.13B5, the B5 catch all provision. And since Mau Mau, which set out the framework, the three sort of things that we're supposed to be looking out, B5 came into place. I just wanted to get your opinion on whether B5 in effect really collapses the first two of those. I mean, in other words, are we in a situation where, you know, you're looking at whether there are what compelling reasons and looking at it within through the lens of essentially the policy statement? So I think as a practical matter, yes. And I think that's something that McGee and Mau Mau recognized is that the second step effectively circumscribes the first step. That being said, there is a three part statutory framework. The district court, of course, is free to say, notwithstanding what the commission has said, I think this would be extraordinary and compelling reasons. And I could see reasons why a district court might do that in terms of if it wants to put that on the record for the sentencing commission at a later date. But as a practical matter, even if the district court were to say, I think this is an extraordinary and compelling reason, but it doesn't rise. It doesn't satisfy one of the 1B1.13, B1 through 4, or a collection doesn't satisfy the gravity requirement of B5, and then B6 is on its own. And there are several different arguments as to that. But it could say under the first step it's satisfied, but under the second step it fails. That is... It has the authority to do that.  But ultimately, once it gets to the second step, it's going to have to be circumscribed by that, right? Correct. And that's what McGee and Maumau and Hall and I think several other cases have said. A defendant, in order to get relief under 3582C1A, has to satisfy all three criteria, all three parts of the test. If it fails, if the defendant fails to satisfy any one of those parts, the defendant's not entitled to relief. And as a result, the district court can go to the second prong or the third prong without addressing the first prong if it chooses to do so. So in this case, I would submit the easiest path to affirmance is to bypass probably a large amount of the arguments in this case about the law regarding 1B1.13, B6 and everything that happened in the district court on that and whether the district court properly considered things or not considered things as to extraordinary and compelling reasons and go straight to the 3553A factors. Because if the district court did not abuse its discretion on the 3553A alternative, then that alternative holding is sufficient to say no abuse of discretion on 3582C1A and thus no jurisdiction as to 3582C1B. And here, the district court correctly noted the guideline range, life imprisonment, and it gave an explanation for why it thought a sentence reduction was not warranted. Mr. Fletcher was an organizer of a lengthy drug conspiracy. He committed this crime while he was on supervised release. During trial, he threatened and intimidated witnesses, and he weighed that against the mitigating circumstances that Mr. Fletcher put forth in his brief and ultimately concluded a sentence reduction was not warranted. Even if this were under the more stringent, what I would submit would be the more stringent standards of de novo sentencing, that would be sufficient under this court's case law. Counsel, can I ask you about one aspect of this case, which is the district court's order, there's a footnote wherein it says that Mr. Fletcher had waived his argument under B6 because of the supplemental brief that was ordered. And I guess what troubles me a little bit about that is my understanding of the procedural timeline is the motion was filed in January of 2022. And then the district judge essentially does nothing on it until December of 2024 before the court then recuses itself. And then Judge Russell is assigned. And at that point, the landscape has changed. 1B1.13, as it existed when the motion was filed, is changed. And so even though Mr. Fletcher had said repeatedly that he had an unusually long sentence, and that was his primary argument, in fact, the fact that he doesn't sort of expound upon that in a way that conforms to the citation of B6 is thereby waived. So I guess I want to know, do you really think it's waived? And then secondly, maybe more importantly, does it make a difference? So if I can take the second, answer the second question first. As I was just saying, as I just mentioned, I think the court can bypass all of these issues, including this one, simply by affirming on 3553A grounds. But to answer the first part of your question, yes, I think it is waived. Because 1B1.13B6 was injected by Mr. Fletcher through filing a supplemental memorandum of law noting that there was 1B1.13B6 and asking the court to hold a motion hearing so that he could expound upon that, because the local rules only allow for a notice, essentially a notice of supplemental authority. And then if you want to argue that, you have to ask for leave to file a supplemental brief. The district court took that notice and said, OK, 1B1.13B6, you brought it to my attention, file a supplemental brief. And this is at page 86 of Supplemental Appendix Volume 1. Quote, address any relevant changes in the law, which is essentially the heart of 1B1.13B6. I understand that usually long sentence is the title, but the way it reads, there has to be a change in the law. And so we fast forward to the supplemental brief that was filed by Mr. Fletcher, and he cites 1B1.13B5 throughout it. But he doesn't address what that change in the law is, what 1B1.13B6 is. He addresses it, he changes course, and he goes to 1B1.13B5. The government in its supplemental response pointed out that he didn't address it and it appeared to be abandoned. We had nothing to respond to. Mr. Fletcher could have filed a – sought leave to file a supplemental reply to say, no, no, I actually intended, and here's how I satisfied it. He didn't – he chose not to do so, and the district court ruled upon it. And so, yes, I would submit that he abandoned his claim when he put it to the – brought it to the district court's attention. The district court said brief this, and he declined to do what the district court asked him to. I'm happy to answer any other questions the court might have, but if not, I will – if there are no further questions. I do have one question. In your summary of argument, at least as I recall it, you said that we could affirm the dismissal of the First Step Act relief based upon harmless error if the district court's standing mootness analysis is wrong. I don't recall you expanding upon that in the rest of your brief, did you? I think that was a fragment left over from an initial draft. I don't think I did. And honestly, on further reflection, given the jurisdictional nature of the district court's ruling, I think he would probably have to remand if the court got that far. You were anticipating my next question. So, yes, okay. That being said, for the reasons I've set forth before, I think you first go to 3553A, you affirm on that basis, and then you affirm on the jurisdictional ground. And you don't need to address – you know, there wouldn't be a harmlessness. One thing I would note with regard to why I think that probably is the right answer in terms of based on the jurisdictional holding, you would want to remand. Congress in Section 404C of the First Step Act provided only one bite of the apple. It precludes a defendant from filing a second 404 motion if there's a full and fair – a complete decision on the merits. And so if this court were to affirm on the alternative basis of 3553A factors, there would at least be an argument that there had been a merits decision. As of right now, there has not been a merits decision. On the compassionate release? No, on the 404, the 3582C1B. There's been a merits decision on the compassionate release. I'm sorry. I've gone backwards. Okay. Unless there are any further questions, I would ask that you affirm the district court's order denying in part and dismissing in part the defendant's motion. Thank you. Hearing none, so case is submitted. Thank you, counsel, for your arguments.